IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RODNEY MICHAEL SPURGEON,

    Plaintiff,

VS.                                                   No. 06-1074-T/An

LT. MARGIE JONES, ET AL.,

    Defendants.

ORDER TO COMPLY WITH PLRA
OR
PAY FULL $250 CIVIL FILING FEE

Plaintiff Rodney Michael Spurgeon, Tennessee Department of Correction prisoner number 160512, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 5, 2006.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or

---

[1] Although the civil filing fee increased to $350 on April 9, 2006, at the time plaintiff commenced this action, the filing fee was $250.

over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1)  the average monthly deposits, and
2)  the average monthly balance

for the six months prior to submission of the complaint, and

3)  the account balance when the complaint was submitted.

In this case, the plaintiff filed a certified copy of his trust fund account statement but did not file a complete *in forma pauperis* affidavit. The affidavit submitted by the plaintiff includes only a signature page. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $250 filing fee, which accrued at the moment the complaint was filed. Accordingly, plaintiff is hereby ORDERED to submit an *in forma pauperis* affidavit and a certified copy of his trust fund account statement or the full $250 civil filing fee to the following address within 30 days after the entry of this order:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

If plaintiff needs additional time to file the required documents, he may, within 30 days after the entry of this order, request an extension of time from this Court. Any extension granted may not exceed an additional 30 days. McGore, 114 F.3d at 605. If plaintiff fails to timely file the required documentation, the Court will assess the entire filing fee without regard to the installment payment procedures, and will dismiss the action for failure to prosecute under Fed. R. Civ. P. 41(b). McGore, 114 F.3d at 605. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status. However, if plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then the Court will assess the filing fee in accordance with the installment procedures of § 1915(b).

The Clerk is ORDERED to provide the plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.

IT IS SO ORDERED.

      s/ **James D. Todd**
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE